IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA BRADISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 04-1946 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 6th day of March, 2006, upon consideration of Defendant's Motion for Summary Judgment (document No. 8) filed in the above-captioned matter on June 30, 2005,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 7) filed in the above-captioned matter on June 13, 2005,

IT IS HEREBY ORDERED that said Motion is GRANTED, and this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is to clarify the record as to whether Plaintiff's need to alternate between sitting and standing at will precluded her from performing any of her past relevant work, and if so, to determine whether she retained the residual functional capacity to perform any work in the national economy.

I.        **Background**

Presently before the Court is Plaintiff's appeal from Defendant's final decision denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Specifically, Plaintiff claims that she has been disabled since January 1, 2001 due to an ankle fracture, shoulder pain, manic depression, and epilepsy. (R. 15, 32, 62-64, 69-70).

Plaintiff's claim was initially denied on August 15, 2003. (R. 30-35). Plaintiff subsequently sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on February 19, 2004. In a decision dated April 22, 2004, the ALJ denied Plaintiff's request for benefits. (R. 15-25). The Appeals Council denied review of the ALJ's decision on November 3, 2004 (R. 4-6), and this appeal followed.

Plaintiff, essentially, raises only one issue on appeal – whether the ALJ erred in failing to specify the frequency with which Plaintiff must alternate between standing and sitting in determining her residual functional capacity ("RFC") and/or in determining whether she could perform her past relevant work.[1] Upon review of the record, the Court finds that the ALJ's decision is not supported by substantial evidence of record because, as argued by Plaintiff,

---

[1] Although Plaintiff's brief contains some discussion regarding the use of the Medical-Vocational Guidelines, or "grids," the Court notes that the ALJ did not utilize the grids in this case.

the ALJ erroneously failed to specify the frequency with which Plaintiff must alternate between standing and sitting in formulating his hypothetical to the vocational expert ("VE"), and, therefore, improperly relied on the VE's testimony in determining that Plaintiff could return to her past relevant work as a housekeeper/maid. Therefore, the Court will remand this case to allow the Commissioner the opportunity to clarify the record as to whether Plaintiff's need to alternate between sitting and standing at will precluded her from performing any of her past relevant work, and, if so, whether she retained the RFC to perform any work in the national economy.

## II.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has the power to "enter, upon the pleadings and transcripts of record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court's review of the Commissioner's decision is limited to the determination of whether it is supported by substantial evidence. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (citations omitted).

III.     **Discussion**

As has been noted times without number, regulations promulgated under the Social Security Act, 42 U.S.C. §§ 1381 et seq., set forth a five-step analysis to determine whether a claimant is disabled. 20 C.F.R. § 416.920(a)-(f). Specifically, the Commissioner must determine in sequence: (1) whether the claimant is currently employed; (2) whether she has a severe impairment; (3) whether her impairment meets or equals one listed by the Commissioner; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing any work in the national economy. See Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. See Stunkard v. Sec. of Health & Human Svcs., 841 F.2d 57, 59 (3d Cir. 1988). If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Commissioner to show that the claimant can perform some other job. See Sykes, 228 F.3d at 263.

Here, the ALJ determined, at step four of the analysis, that Plaintiff retained the RFC to perform her past relevant work as a housekeeper/maid. (R. 23-25). In so doing, he relied primarily on the testimony of the VE. However, Plaintiff's RFC, as found by the ALJ in his opinion, differed from the RFC used by the ALJ in questioning the VE regarding jobs that Plaintiff could perform.

4

Specifically, the ALJ, in his opinion, made the following findings in regard to Plaintiff's RFC:

> [Plaintiff's] impairments preclude work requiring heavy lifting or carrying, exposure to hazards such as heights and moving machinery, the performance of more than simple, routine, unskilled, low-concentration/memory job tasks, more than low-stress, non-quota work, or more than occasional interaction with the public or supervisors, but they do not prevent [Plaintiff] from performing a wide range of work at the light exertional level with an opportunity to alternate between periods of sitting and standing **at will** throughout the workday.

(R. 21) (emphasis added). However, in questioning the VE, he stated the RFC as follows:

> I'd like for you to assume a hypothetical person who's 48 years of age on her alleged onset date, which she puts at 1/01/01, has a twelfth grade education, the past relevant work as just indicated. She also has a certified nurse's certificate. Suffering from various ailments . . . including epilepsy, which is fairly well stable with her medications. . . . And also suffers from depression with a bipolar component, caus[ing] her to have an occasional mood swing. And the status post effects of a fractured left ankle in 7/01. The file indicates that she has 4/5 and 5/5 strength in those extremities - lower extremities. But she does have some moderate depression. And she indicates that stress causes her to have some insomnia. All of which is somewhat relieved by her medication without significant side effects. And would need jobs at this time, I imagine - for the record, Mr. Heckman - **jobs that allow her to sit/stand**, and jobs, more importantly, that are low stress, low concentration, low memory, due to her depression - simple, routine, unskilled jobs - and probably jobs with little interaction with the public or supervisors, avoid heights and

> moving machinery on occasion – or all the time
> – because she may have a seizure, non-quota
> jobs to avoid the stress, but would be able to
> do light work activities with her limitations.

(R. 255-56) (emphasis added). Thus, although the ALJ found that Plaintiff's impairments necessitated that Plaintiff have the option to alternate between sitting and standing "at will" during the workday, the hypothetical posed to the VE did not specify the frequency with which Plaintiff must alternate between sitting and standing.

Plaintiff argues that the ALJ's failure to specify to the VE the frequency with which she must alternate between sitting and standing mandates that this case be remanded. In so arguing, she cites to Social Security Ruling 96-9p and <u>Castrejon v. Apfel</u>, 131 F. Supp. 2d 1053 (E.D. Wis. 2001). SSR 96-9p addresses the implications of an RFC for less than a full range of sedentary work in making the determination as to whether a claimant can do any work at step five of the analysis. The Ruling discusses the possible erosion of the occupational base for a full range of sedentary work. One of the issues addressed is alternate sitting and standing:

> An individual may need to alternate the
> required sitting of sedentary work by standing
> (and, possibly, walking) periodically. Where
> this need cannot be accommodated by scheduled
> breaks and a lunch period, the occupational
> base for a full range of unskilled sedentary
> work will be eroded. The extent of the erosion
> will depend on the facts in the case record,
> such as the frequency of the need to alternate
> sitting and standing and the length of time
> needed to stand. The RFC assessment must be

>specific as to the frequency of the individual's need to alternate sitting and standing. It is especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p, 1996 WL 374185 (S.S.A.), at *7 (July 2, 1996). In Castrejon, the court remanded where the ALJ's RFC finding and hypothetical to the VE limited the plaintiff to sedentary work with a sit/stand option, but did not specify frequency. See 131 F. Supp. 2d at 1057-58. In so ruling, the court emphasized that "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing," citing SSR 96-9p. Id. at 1057.

Defendant argues that SSR 96-9p and Castrejon are inapplicable here because they deal with cases involving sedentary work, rather than light work, and because they involve step five determinations, rather than step four determinations regarding past relevant work. Although Defendant is correct that SSR 96-9p and Castrejon both pertain to step five determinations involving sedentary work and that they are not binding, the Court finds them to be instructive in this case.

Although the ALJ found that Plaintiff could perform a limited range of light work, rather than sedentary work, the need to alternate between sitting and standing is relevant to a claimant's ability to perform both light and sedentary work and in determining any erosion in the occupational base involving either kind of work.

See SSR 83-12, 1983 WL 31253 (S.S.A.), at *4 (1983) (discussing the need to consult a VE regarding the effects of a claimant's need to alternate between sitting and standing in regard to both light and sedentary work). Therefore, the reasoning underlying SSR 96-9p and Castrejon can be as applicable in a case involving light work as one involving sedentary work.

Further, the fact that this case was resolved at step four rather than step five does not change the analysis in this case. While the ALJ found that Plaintiff retained the RFC to perform her past relevant work as a housekeeper/maid, he did so almost exclusively based on the testimony of the VE. Therefore, the accuracy of the hypothetical to the ALJ was highly relevant in this determination, and the fact that the hypothetical omitted the frequency with which Plaintiff has to alternate between sitting and standing means that the record is not clear that the VE's testimony addressed Plaintiff's actual RFC.

There are three possible tests for determining whether a claimant retains the capacity to perform her past relevant work: (1) whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job; (2) whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it; and (3) whether the claimant retains the capacity to perform the functional demands

and job duties of the job as ordinarily required by employers throughout the national economy. SSR 82-61, 1982 WL 31387 (S.S.A.), at **1-2 (1982); Rivera v. Barnhart, 239 F. Supp. 2d 413, 419-20 (D. Del. 2002). Here, the ALJ found that Plaintiff "retains the residual functional capacity to perform her past relevant work as a housekeeper/maid as it is generally performed in the national economy." (R. 24). The ALJ, therefore, utilized the third test.

The test used can significantly affect the need for a VE's testimony. For instance, the second test focuses on the specific facts regarding a claimant's actual job duties at her past job, and, therefore, focuses more on the claimant's testimony and other evidence regarding her actual experience than on evidence regarding the nature of that job as generally performed. Thus, a finding under the second test, since it would be based on facts regarding Plaintiff's actual past duties rather than on how jobs are generally performed in the national economy, may not require reliance on the testimony of a VE.

The test relied upon here, though, the third test, does require the ALJ to determine how certain jobs are performed in the national economy. Such a determination may well require reliance on the testimony of a VE or on some other vocational resource, as this is unlikely to be ascertainable from the other facts in the record. Not surprisingly, then, in making his determination, the ALJ relied almost exclusively on the VE's testimony regarding Plaintiff's

9

ability to perform the housekeeper/maid job as it is generally performed in the national economy - much like an ALJ would rely on a VE's testimony regarding whether the claimant can perform other work in the national economy at step five. Where an ALJ relies on a VE's testimony at step four in determining that the claimant can perform a past job as it is generally performed in the national economy, it is as important that the hypothetical accurately state the claimant's RFC as it would be at step five, and the reasoning in SSR 96-9p and Castrejon applies with equal force.

      The Court notes that even where the hypothetical to the VE does not specifically set forth the frequency with which the claimant must alternate between sitting and standing, it may be sufficient if it is clear from the record what the VE understood the frequency to be. See, e.g., Davis v. Apfel, 239 F.3d 962 (8th Cir. 2001). Here, however, far from making it clear that the hypothetical was to be understood to mean that Plaintiff must have the opportunity to alternate between sitting and standing at will, the record seems to indicate a different frequency. At the hearing, Plaintiff testified that she could stand for approximately an hour before needing to sit down. She did not indicate for how long she needs to sit before she can stand again. (R. 244-45). Therefore, when informed via the ALJ's hypothetical that Plaintiff could perform "jobs that allow her to sit/stand," the VE may have understood this to mean that Plaintiff could stand for an hour

10

before needing to sit. However, as discussed, the ALJ found that Plaintiff's limitations required that she have the opportunity to alternate sitting and standing at will. Therefore, the record is unclear as to whether the VE's testimony took into account the actual RFC found by the ALJ. It is possible that the VE's testimony that Plaintiff could perform the duties of a housekeeper/maid would change if it were clear that Plaintiff had to be able to alternate between sitting and standing at will rather than every hour. Since there is essentially no evidence other than the VE's flawed testimony supporting the ALJ's step four finding, his finding is not supported by substantial evidence.

Accordingly, the Court finds that this case should be remanded to clarify the record as to whether understanding the 0Plaintiff's need to alternate sitting and standing at will would change the VE's testimony regarding the jobs she could perform, including the position of housekeeper/maid. Once this has been clarified, the ALJ should then proceed accordingly in applying the step four and, if necessary, step five analysis.

### IV.        Conclusion

For the above reasons, the Court remands this case for further consideration under sentence four of 42 U.S.C. § 405(g).

                                        s/Alan N. Bloch
                                        United States District Judge

```
cc/ecf:    Karl E. Osterhout, Esquire
           Asst. U.S. Atty. Jessica Liebar Smolar
```